IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITEDS STATES OF AMERICA,<br><br>v.<br><br>BRANDYN ALLEN SEABREEZE | CRIMINAL ACTION<br><br>NO. 24-22 |

Baylson, J.                                                                                                April, 22 2025

MEMORANDUM OPINION RE: SENTENCING

I. BACKGROUND

On November 13, 2024, Defendant, Brandyn Allen Seabreeze, pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). ECF 48. On March 20, 2025, the Court held a Sentencing Hearing, ECF 63, following which the Court sentenced Defendant to 46 months in prison, ECF 65. In calculating Defendant's sentence, the Court determined that Defendant presented a prior robbery conviction under Pa.C.S.A. § 3701(a)(1)(ii) ("section (ii)").

The Court notes that the U.S. Attorney's Office ("U.S.A.O.") and Probation Office ("Probation") dispute whether Defendant was originally convicted was under Pa.C.S.A. § 3701(a)(1)(i) ("section (i)") or section (ii). See Presentence Investigation Report at 6 n.1 ("PSIR"). Both agree that the Court's orders for the original conviction do not specify which section of § 3701 was applicable. Id. at 33. The U.S.A.O.'s contends that the "guideline sentence form, which included the minimum, maximum, and mandatory sentence applicable to the defendant's conviction clearly specifies that the statute to which the defendant plead guilty is [section (ii)]." Id. at 33. Probation asserts that the documentation "was unclear and provided conflicting information regarding whether the defendant was convicted of a violation of [section (i) or (ii)]." Id. at 6 n.1. The U.S.A.O. and Defendant agree, and Probation does not dispute, that a violation of section (i) is *not* a crime of violence. Id. Because Probation could not verify

1

whether Defendant was originally convicted under section (i) or (ii) it recommended a base offense level of 14, rather than 20.

At the Sentencing Hearing, the Court agreed with the U.S.A.O.'s view that Defendant presented a prior conviction for robbery in violation of section (ii). The Court came to this conclusion after reviewing the PSIR which indicated that during the robberies for which Defendant was previously convicted, Defendant pointed a gun at the victims. Id. at ¶¶ 53-56. The Court finds that this conduct violates section (ii) of the Pennsylvania robbery statute because it "threatens another with or intentionally puts him in fear of immediate serious bodily injury". Pa.C.S. § 3701(a)(1)(ii). As such, the Court applied a base level offense of 20, based on Defendant's prior conviction of a crime of violence.

## II.  DISCUSSION

The Third Circuit has made clear that robbery under section (ii) of the Pennsylvania robbery statute is a crime of violence. See United States v. Henderson, 80 F.4th 207, 210 (3d Cir. Aug. 15, 2023). The Court found that because Defendant carried out the robberies with a gun, the robberies violated section (ii) of the Pennsylvania robbery statute and were thus a crime of violence.

A defendant may be convicted under section (ii) "if the evidence demonstrates aggressive actions that threatened the victim's safety." Commonwealth v. Hansley, 24 A.3d 410, 416 (Pa. Super. Ct. 2011), *appeal denied* 32 A.3d 1275 (2011). Courts must assess "the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury." Id.  A defendant need not make a verbal threat to be convicted under section (ii). Id. The Court found that Defendant's actions of pointing a gun at the victims would have placed a reasonable victim in fear of immediate serious bodily injury. As such, the Court

2

found that Defendant presented a prior conviction under section (ii) of the Pennsylvania robbery statute, which is a crime of violence.

The Court's finding is consistent with the decisions of other courts in applying the robbery statute. For example, in <u>Oliver v. Rozum</u>, a court in this district denied a habeaus corpus petition, holding that "when Petitioner brandished a gun immediately after demanding payment of money, he 'threatened another.'" 2013 WL 68348, at *6 (E.D. Pa. Jan. 31, 2013) (Sitarski), *Report & Recommendation adopted* 2013 WL 6886336 (E.D. Pa. Feb. 26, 2013) (Padova). Likewise, in <u>Commonwealth v. Valentine</u>, the Court upheld the defendant's conviction under section (ii), finding that defendant's actions in pointing a gun at the victim and threatening to shoot her would have placed a reasonable person in fear of serious bodily injury. 101 A.3d 801, 807 (Pa. Super. Ct. 2014). In fact, the mere threat of the use of a gun, even where no actual gun is present, is enough to place a reasonable victim in fear of immediate serious bodily injury. <u>See Commonwealth v. Jannett</u>, 58 A.3d 818, 819, 821-22 (Pa. Super. Ct. 2012) (holding that defendant violated section (ii) where he handed the bank teller a note that indicated that he had a gun but did not actually possess a gun during the robbery).

Here, the Court found that Defendant's actions of pointing a gun at the victims would have similarly placed his victims in immediate fear of serious bodily injury, in violation of section (ii) of the Pennsylvania robbery statute. The Third Circuit has unequivocally held that robbery in violation of section (ii) is a crime of violence. As such, the Court applied a base offense level of 20.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the Court found that Defendant presented a prior conviction in violation of section (ii) of the Pennsylvania robbery statute, a crime of violence necessitating a base offense level of 20.